UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM MACERI & SON, INC.,

        Plaintiff,                         Case No. 01-72771
                                                      HON. GEORGE CARAM STEEH

vs.

ALLEN PARK FARM MARKET & DELI, LLC.,
a Michigan limited liability company, et al.,

        Defendants.

_____/

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST
FOR HEARING REGARDING WRITS OF GARNISHMENT AND OVERRULING
FRANK ZULEWSKI'S OBJECTION TO WRIT OF GARNISHMENT [#141]

On May 25, 2006, this court issued an order granting plaintiff Tom Maceri & Son, Inc.'s motion for summary judgment and entered judgment in favor of Maceri & Son and against defendants Allen Park, RPF LLF, Paul Zulewski, and Frank Zulewski for $48,000.00 plus post-judgment interest, to be paid in monthly installments of $1,000.00.

On October 14, 2011, judgment debtor Frank Zulewski filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code before the United States Bankruptcy Court for the Eastern District of Michigan, case number 11-66895. On January 19, 2012, Maceri & Son filed a timely adversary complaint asserting that the judgment in this action was not dischargeable. On March 14, 2012, the bankruptcy court entered a default judgment in favor of Maceri & Son and against Frank Zulewski that, among other matters, held that the

judgment herein is excepted from discharge. See Plf.'s Mot., Ex. B. On the same day, the Bankruptcy Court closed Frank Zulewski's bankruptcy case. Id., Ex. C.

On April 2, 2012, the clerk of this court issued writs of garnishment related to Frank Zulewski for the remaining amount owing under the judgment. On April 11, 2012, Frank Zulewski sent a letter to this court claiming that he has "a pending Bankruptcy proceeding in U.S. Bankruptcy Court, Eastern District of Michigan, Case Number 11-66895." See Dkt. No. 135.

Michigan Court Rule 3.101(K)(3) provides that objections to a writ of garnishment must be based on one or more of the following: (a) the funds or property are exempt from garnishment by law; (b) garnishment is precluded by the pendency of bankruptcy proceedings; (c) garnishment is barred by an installment payment order; (d) garnishment is precluded because the maximum amount permitted by law is being withheld pursuant to a higher priority garnishment or order; (e) the judgment has been paid; (f) the garnishment was not properly issued or is otherwise invalid. See M.C.R. 3.101(K)(3).

To the extent Frank Zulewski's April 11, 2012 letter is an objection to the writs of garnishment, he has failed to establish that the writs of garnishment are precluded under M.C.R. 3.101(K)(3)(b). There is no pending bankruptcy proceeding precluding garnishment, therefore Frank Zulewski's objection is overruled.

SO ORDERED.

Dated: June 4, 2012

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 4, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk